AF Approval _(signature)_                    Chief Approval _RBH_

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                                    CASE NO. 6:21-CR-78-PGB-GJK

QUINTON JAMAL BYRD

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Karin Hoppmann, Acting United States Attorney for the Middle District of Florida, and the defendant, QUINTON JAMAL BYRD, and the attorney for the defendant, David Haas, mutually agree as follows:

## A.    Particularized Terms

1.    Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with possession with the intent to distribute forty (40) or more grams of fentanyl in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B).

2.    Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment of 5 years up to 40 years, a fine of $5 million, a term of supervised release of at least 4 years up to life, and a special assessment of $100 per felony count.  With respect to certain offenses, the Court shall order the defendant to make

Defendant's Initials _QB_

restitution to any victim of the offense(s), and with respect to other offenses, the

Court may order the defendant to make restitution to any victim of the offense(s), or

to the community, as set forth below.

3.  *Alleyne v. United States and Apprendi v. New Jersey*

Under *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New*

*Jersey*, 530 U.S. 466 (2000), the defendant is subject to a mandatory minimum

sentence of 5 years' imprisonment and a maximum sentence of 40 years'

imprisonment as to Count One because the following facts have been admitted by

the defendant and are established by this plea of guilty: he possessed, with the intent

to distribute, forty (40) or more grams of fentanyl.

4.  Elements of the Offense

The defendant acknowledges understanding the nature and elements of

the offense with which defendant has been charged and to which defendant is

pleading guilty.  The elements of Count One are:

First:      the Defendant knowingly possessed fentanyl, a Schedule II
            controlled substance;

Second:     the Defendant intended to distribute the fentanyl; and

Third:      the weight of the fentanyl possessed by the defendant with intent
            to distribute was 40 or more grams.

5.  No Further Charges

If the Court accepts this plea agreement, the United States Attorney's

Office for the Middle District of Florida agrees not to charge defendant with

Defendant's Initials _QB_            2

committing any other federal criminal offenses known to the United States

Attorney's Office at the time of the execution of this agreement, related to the

conduct giving rise to this plea agreement.

6.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will

recommend to the Court that the defendant be sentenced within the defendant's

applicable guidelines range as determined by the Court pursuant to the United States

Sentencing Guidelines, as adjusted by any departure the United States has agreed to

recommend in this plea agreement.  The parties understand that such a

recommendation is not binding on the Court and that, if it is not accepted by this

Court, neither the United States nor the defendant will be allowed to withdraw from

the plea agreement, and the defendant will not be allowed to withdraw from the plea

of guilty.

7.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information

is received suggesting such a recommendation to be unwarranted, the United States

will recommend to the Court that the defendant receive a two-level downward

adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The

defendant understands that this recommendation or request is not binding on the

Court, and if not accepted by the Court, the defendant will not be allowed to

withdraw from the plea.

Defendant's Initials QB          3

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.    Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to

Defendant's Initials _GB_                    4

sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.    Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining

Defendant's Initials _____        5

the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

      10.    Cooperation - Responsibilities of Parties

      a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

      b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

      (1)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

      (2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in

Defendant's Initials _____       6

the event such charges have been dismissed pursuant to this agreement. With regard

to such charges, if any, which have been dismissed, the defendant, being fully aware

of the nature of all such charges now pending in the instant case, and being further

aware of defendant's rights, as to all felony charges pending in such cases (those

offenses punishable by imprisonment for a term of over one year), to not be held to

answer to said felony charges unless on a presentment or indictment of a grand jury,

and further being aware that all such felony charges in the instant case have

heretofore properly been returned by the indictment of a grand jury, does hereby

agree to reinstatement of such charges by recision of any order dismissing them or,

alternatively, does hereby waive, in open court, prosecution by indictment and

consents that the United States may proceed by information instead of by indictment

with regard to any felony charges which may be dismissed in the instant case,

pursuant to this plea agreement, and the defendant further agrees to waive the statute

of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any

offenses set forth herein, if any, the prosecution of which in accordance with this

agreement, the United States agrees to forego, and the defendant agrees to waive the

statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the

defendant's own admissions and statements and the information and books, papers,

documents, and objects that the defendant has furnished in the course of the

defendant's cooperation with the government.

Defendant's Initials _QB___              7

(5)     The defendant will not be permitted to withdraw the guilty pleas to

those counts to which defendant hereby agrees to plead in the instant case but,

in that event, defendant will be entitled to the sentencing limitations, if any,

set forth in this plea agreement, with regard to those counts to which the

defendant has pled; or in the alternative, at the option of the United States, the

United States may move the Court to declare this entire plea agreement null

and void.

11.     <u>Low End</u>

At the time of sentencing, and in the event that no adverse information

is received suggesting such a recommendation to be unwarranted, the United States

will recommend to the Court that the defendant receive a sentence at the low end of

the applicable guideline range, as calculated by the Court.  The defendant

understands that this recommendation or request is not binding on the Court, and if

not accepted by the Court, the defendant will not be allowed to withdraw from the

plea.

12.     <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and

voluntarily any and all assets and property, or portions thereof, subject to forfeiture,

pursuant to pursuant to 21 U.S.C. § 853, whether in the possession or control of the

United States, the defendant or defendant's nominees.

The defendant agrees to the administrative forfeiture of the

approximately $257,680 in United States currency seized from his residence and

Defendant's Initials _OB_          8

storage unit on November 5, 2020, which were proceeds obtained by the defendant from controlled substance offenses.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets

Defendant's Initials _QB_          9

and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.  The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to,

Defendant's Initials __QB__                10

or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be

binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

**B.**   **Standard Terms and Conditions**

      1.   Restitution, Special Assessment and Fine

      The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. ' 3663A, for all offenses described in 18 U.S.C. ' 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. ' 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. ' 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant=s restitution obligation is satisfied.

      On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. ' 3013.  The special assessment is due on the date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials _QB_      12

2.      <u>Supervised Release</u>

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.      <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.      <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.      <u>Financial Disclosures</u>

Defendant's Initials  _QB__        13

Pursuant to 18 U.S.C. ' 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii),
the defendant agrees to complete and submit to the United States Attorney's Office
within 30 days of execution of this agreement an affidavit reflecting the defendant's
financial condition.  The defendant promises that his financial statement and
disclosures will be complete, accurate and truthful and will include all assets in
which he has any interest or over which the defendant exercises control, directly or
indirectly, including those held by a spouse, dependent, nominee or other third party.
The defendant further agrees to execute any documents requested by the United
States needed to obtain from any third parties any records of assets owned by the
defendant, directly or through a nominee, and, by the execution of this Plea
Agreement, consents to the release of the defendant's tax returns for the previous five
years.  The defendant similarly agrees and authorizes the United States Attorney's
Office to provide to, and obtain from, the United States Probation Office, the
financial affidavit, any of the defendant's federal, state, and local tax returns, bank
records and any other financial information concerning the defendant, for the
purpose of making any recommendations to the Court and for collecting any
assessments, fines, restitution, or forfeiture ordered by the Court.  The defendant
expressly authorizes the United States Attorney's Office to obtain current credit
reports in order to evaluate the defendant's ability to satisfy any financial obligation
imposed by the Court.

     6.    <u>Sentencing Recommendations</u>

Defendant's Initials _QB_      14

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the

Defendant's Initials _QB_            15

United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. ' 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. ' 3742(a).

8.      Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.      Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.     Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the

Defendant's Initials _QP___                16

concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

    11.   <u>Factual Basis</u>

Defendant's Initials _QB_       17

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _QB___        18

13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __3rd__ day of __November__, 2021

KARIN HOPPMANN
Acting United States Attorney

_____
Quinton J. Byrd
Defendant

_____
R. Manthripragada
Assistant United States Attorney

_____
David Haas
Attorney for Defendant

_____
Roger Handberg
Assistant United States Attorney
Chief, Orlando Division

Defendant's Initials __QB__                    19

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:21-CR-78-PGB-GJK

QUINTON JAMAL BYRD

PERSONALIZATION OF ELEMENTS

First:        On or about November 5, 2020, did you knowingly possess
              fentanyl, a Schedule II controlled substance in the Middle District
              of Florida?

Second:       Did you intend to distribute the fentanyl?

Third:        Was the weight of the fentanyl that you possessed with intent to
              distribute 40 grams or more?

Defendant's Initials QB          20

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 6:21-CR-78-PGB-GJK

QUINTON JAMAL BYRD

FACTUAL BASIS

The defendant certifies that defendant does hereby admit that the facts set
forth below are true, and were this case to go to trial, the United States would be able
to prove those specific facts and others beyond a reasonable doubt.

In June 2020, the Palm Bay Police Department opened an investigation on
defendant Quinton Jamal Byrd (Byrd) for alleged narcotic trafficking activities.
Byrd's residence was 497 Mercury Avenue SE, Apartment #201, Palm Bay, Florida
32909.

Surveillance began on Byrd's residence on June 16, 2020.  Over the course of
several days, investigators observed multiple drug transactions taking place just
outside Byrd's apartment building.  Several of the buyers were stopped a safe
distance from where they made their purchases.  Investigators recovered small
amounts of narcotics from the buyers, who identified Byrd as the person who had
sold them the drugs.

On October 6, 2020, the investigators learned that an individual had
overdosed on heroin and had been transported to the Palm Bay Community Hospital
for treatment. The patient was interviewed and told police that Byrd was the drug

Defendant's Initials _QB_                21

dealer who had sold the patient the heroin that resulted in the patient's overdose. The patient told investigators that he had also seen crack "cocaine" in the apartment, which Byrd "made" on his stovetop. Based on these and several other sources of information, the officers sought and were granted a search warrant for Byrd's residence.

The search warrant was executed on November 5, 2020. The only occupants of the residence at the time of the search warrant execution were Byrd and his minor child. When the investigators entered the residence, Byrd was standing in the kitchen, next to the stove, where the officers recovered approximately 140 grams of a controlled substance, along with evidence that the drugs were being packaged for sale. Additionally, officers found and seized, $6,870 in currency ($2,090 on Byrd's person, and $4,780 in the bedroom), ammunition for a handgun, a digital scale, and other miscellaneous packaging material. The controlled substance was subsequently analyzed by a DEA forensic chemist and found to be 138 grams of Fentanyl.

During the search of the residence, law enforcement officers found a set of keys to rented storage unit located at the "Simply Self Storage." A follow up investigation led to the identification of storage unit #3029, at Simply Self Storage located at 888 Palm Bay Road NE, Palm Bay, Florida, that was being rented by Byrd. Palm Bay Police were able to secure a second search warrant for the storage unit, and investigators found $250,810 in United States currency, along with other personal items in the storage unit that belonged to Byrd.

Defendant's Initials _OB_        22